IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THERON RILEY, JR., | * |
| | * |
| Plaintiff, | * |
| | * CIVIL ACTION NO. 25-00193-KD-B |
| vs. | * |
| | * |
| RAYMOND TAYLOR, *et al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review.[1] Plaintiff Theron Riley, Jr. ("Riley"), who is proceeding without an attorney and is presently confined at the Mobile County Metro Jail, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). Because Riley is a prisoner seeking to proceed *in forma pauperis* against officers or employees of a governmental entity, the Court conducted an initial screening review of his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. As relevant here, § 1915(e)(2)(B) requires a district court to dismiss the action of a plaintiff proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

1

Similarly, under § 1915A(b), a court must dismiss a prisoner's complaint against an officer or employee of a governmental entity if it determines that the complaint is frivolous or malicious. Id. at § 1915A(b)(1). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury." Morrell v. Georgia, 2023 U.S. App. LEXIS 4738, at *1, 2023 WL 5051186, at *1 (11th Cir. Feb. 27, 2023).

Riley filed his complaint in this action on this Court's standard form for a prisoner complaint under 42 U.S.C. § 1983. (See Doc. 1). During the screening process, the undersigned discovered that Riley misrepresented his litigation history under the penalty of perjury in his complaint form. In his complaint, Riley answered "Yes" when asked whether he had previously filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action. (Id. at 3). Riley also answered "Yes" when asked whether he had previously filed other lawsuits in state or federal court relating to his imprisonment. (Id.). When prompted on the complaint form to describe each such lawsuit, Riley referenced a single case, which appears to be Theron Riley, Jr. v. Steve Billy, et al., No. 1:21-cv-00203-JB-B (S.D. Ala. 2021) ("Riley v. Billy"). (Id.). In fact, however, Riley

2

has previously filed multiple lawsuits in federal court relating to his imprisonment. Accordingly, after reviewing the present complaint and Riley's prior cases, it is recommended that this action be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), because Riley affirmatively misrepresented his litigation history to the Court.

I. **DISCUSSION**

In this action, Riley sues two correctional officers and a nurse at the Escambia County Jail. (See Doc. 1 at 1, 4-6, 8-9). Riley claims that the officers denied him medical attention and subjected him to inhumane conditions, and that the nurse denied him medical attention. (Id. at 5-6, 8). Riley alleges that he was "booked" in the Escambia County Jail on April 12, 2025, "with bloody wounds & lacerations to [his] face/chin & back from blows with cement cylinder blocks." (Id. at 4). Riley alleges that the sheriff's deputy who transported him to the jail told the officers to take him "to medical as soon as possible," but he "was never taken." (Id.). Riley states that he saw the nurse the following day and showed her his wounds, but "she did nothing but laughed" and told Riley "she was going home." (Id.). Riley also states that he was not taken "serious[ly]" when he complained to officers

3

and the jail warden about various hazardous conditions at the jail. (Id. at 5, 8-9). Riley asks that the Court "compensate [him], help other inmates, shut the jail down after a[n] inspection or fix/update it [and] hold employees accountable." (Id. at 7).

In screening Riley's complaint, the undersigned reviewed the records of this and other federal courts to determine whether Riley had previously filed any undisclosed lawsuits relating to his imprisonment or dealing with the same or similar facts involved in this action.[2] From those records, the undersigned ascertained that Riley previously filed at least two other cases relating to his imprisonment that he did not disclose in his complaint, namely, Theron Riley, Jr. v. Calvin Shaw, et al., No. 2:22-cv-00357-JB-B (S.D. Ala. 2022) ("Riley v. Shaw"), and Theron Evan Riley, Jr. v. Kendrick Boyd, et al., No. 2:23-cv-00498-RAH-CSC (M.D. Ala. 2023) ("Riley v. Boyd"). In both of those lawsuits, Riley complained that correctional defendants subjected him to cruel and unusual punishment. Moreover, in Riley v. Boyd, Riley alleged that correctional officials denied him access to forms and other services needed to prosecute his legal claims, and he stated "when

---

[2] This Court may take judicial notice of its own records and the records of other federal courts. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

4

[the prison] administration find out . . . that I'm filing this I think they will do something to retaliate or harm me." See Riley v. Boyd, ECF No. 1-1.[3]

As he was required to do, Riley drafted his complaint in the instant case using this Court's standard § 1983 prisoner complaint form. (See Doc. 1). The form directs prisoner plaintiffs to disclose whether they have (A) filed any other lawsuits in state or federal court dealing with the same or similar facts involved in the present action, **and/or** (B) filed other lawsuits in state or federal court relating to their imprisonment. (Id. at 3). The form directs that if the answer to either of those questions is yes, the plaintiff is to describe **each** lawsuit in the space provided and describe additional lawsuits on a separate piece of paper if necessary. (Id.).

Notwithstanding the fact that the complaint form in this action expressly directed Riley to describe *each* of his prior

---

[3] Riley makes similar claims in the instant lawsuit. In particular, Riley states that "due to me filing this [lawsuit] Escambia County is liable to railroad, blackmail, or over sentence me just for me notify[ing] a higher court." (Doc. 1 at 9). Riley further states: "This is my 2nd complaint against this jail I settled for 67,000 and now they are retaliating." (Id.). Riley also claims that Escambia County Jail officials "are hindering [him] from exercising [his] right to sue" and "will not" provide the financial statement or "complete the [certificate he] need[s] to continue [his] 1983 prisoner complaint" in this action. (Doc. 2-1).

lawsuits relating to his imprisonment or dealing with the same or similar facts involved in this action, Riley referenced only one prior lawsuit and did not disclose the existence of Riley v. Shaw or Riley v. Boyd, despite the relative recency of those lawsuits, the fact that they relate to his imprisonment, and the fact that both this lawsuit and Riley v. Boyd contain allegations of feared retaliation and interference with access to the courts. Riley then proceeded to swear or affirm under penalty of perjury that the facts set out in his complaint were true and correct. (Id. at 7).

"Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury." Franklin v. Leon Cty. Sheriffs Off., 2022 U.S. Dist. LEXIS 235321, at *8, 2022 WL 18231678, at *4 (N.D. Fla. Dec. 6, 2022), report and recommendation adopted, 2023 U.S. Dist. LEXIS 5112, 2023 WL 163254 (N.D. Fla. Jan. 11, 2023). The Court's § 1983 complaint form requests information about prior actions from a prisoner plaintiff to assist in determining whether the prisoner's action is barred under 28 U.S.C. § 1915(g),[4] whether

---

[4] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

6

the action is connected to another action, and whether the plaintiff is familiar with litigating his claims. See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015). When the prisoner fails to provide information about all of his prior actions on the complaint form, the court is deprived of this knowledge and is forced to expend more time and resources than would otherwise be necessary. Doctor, 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3.

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . is not being presented for any improper purpose, . . . [and] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness" of the document

---

      facility, brought an action or appeal in a court of the
      United States that was dismissed on the grounds that it
      is frivolous, malicious, or fails to state a claim upon
      which relief may be granted, unless the prisoner is under
      imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." Ealy v. Corr. Corp. of Am., 2015 U.S. Dist. LEXIS 173850, at *2-3, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals of actions without prejudice where plaintiffs failed to disclose their prior litigation history), report and recommendation adopted, 2016 U.S. Dist. LEXIS 1023, 2016 WL 75074 (N.D. Fla. Jan. 6, 2016).

Given the recency of his undisclosed lawsuits, Riley is (or certainly should be) well aware that Riley v. Billy is not the only action he has filed in state or federal court relating to his imprisonment. Accordingly, there can be little question that when Riley filed the complaint in the instant action, he knowingly chose not to list all of his prior actions and then proceeded to sign

his complaint under penalty of perjury, notwithstanding his misrepresentation. Because Riley was not truthful with the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for abuse of the judicial process. The only reason the undersigned would not recommend dismissing this action without prejudice is if the present action could not be refiled because the two-year statute of limitations for a § 1983 action had expired. However, Riley's complaint makes clear that the actions complained of in this case occurred no earlier than April 12, 2025. (See Doc. 1 at 4-6). Thus, there is no question that Riley has the ability to refile his action before the two-year statute of limitations expires, if he elects to do so. Because Riley's claims can be refiled, this action is due to be dismissed without prejudice as malicious for Riley's abuse of the judicial process pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and 1915A(b)(1).

## II.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and 1915A(b)(1).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **May, 2025.**

                                                        **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**